1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9
10 Attorneys for Plaintiff,
   Jennifer Thro
11

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16 Jennifer Thro,                    Case No. C13-3310  JCS

17          Plaintiff,               **COMPLAINT FOR DAMAGES**
                                     **1. VIOLATION OF FAIR DEBT**
18     vs.                           **COLLECTION PRACTICES ACT,**
                                     **15 U.S.C. § 1692 *ET. SEQ*;**
19 I.Q. Data Systems; and DOES 1-10, **2. VIOLATION OF FAIR DEBT**
   inclusive,                        **COLLECTION PRATICES ACT,**
20                                   **CAL.CIV.CODE § 1788 *ET. SEQ*.**
          Defendants.
21                                   **JURY TRIAL DEMANDED**

22

23

24

25

26

27

28
                                     COMPLAINT FOR DAMAGES

FILED

JUL 16 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

BY FAX

1    For this Complaint, the Plaintiff, Jennifer Thro, by undersigned counsel, states

2  as follows:

3

4                                **JURISDICTION**

5    1.    This action arises out of Defendants' repeated violations of the Fair Debt

6  Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of

7
8  Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

9  collect a consumer debt.

10    2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11
12    3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

13  Defendants transact business here and a substantial portion of the acts giving rise to

14  this action occurred here.

15
16                                **PARTIES**

17    4.    The Plaintiff, Jennifer Thro (hereafter "Plaintiff"), is an adult individual

18  residing in Santa Rosa, California, and is a "consumer" as the term is defined by 15

19
20  U.S.C. § 1692a(3).

21    5.    Defendant I.Q. Data Systems ("IQ Data"), is a California business entity

22  with an address of 1915 21st Street, Sacramento, California 95811, operating as a

23
24  collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

25  1692a(6).

26

27

28

                                      2          COMPLAINT FOR DAMAGES

1    6.    Does 1-10 (the "Collectors") are individual collectors employed by IQ

2
3    Data and whose identities are currently unknown to the Plaintiff. One or more of the

4    Collectors may be joined as parties once their identities are disclosed through

5    discovery.

6
     7.    IQ Data at all times acted by and through one or more of the Collectors.
7

8                **ALLEGATIONS APPLICABLE TO ALL COUNTS**

9    **A.    The Debt**

10   8.    The Plaintiff allegedly incurred a financial obligation in the approximate
11
12   amount of $3,500.00 (the "Debt") to a creditor (the "Creditor").

13   9.    The Debt arose from services provided by the Creditor which were

14
15   primarily for family, personal or household purposes and which meets the definition

16   of a "debt" under 15 U.S.C. § 1692a(5).

17   10.    The Debt was purchased, assigned or transferred to IQ Data for

18
19   collection, or IQ Data was employed by the Creditor to collect the Debt.

20   11.    The Defendants attempted to collect the Debt and, as such, engaged in

21   "communications" as defined in 15 U.S.C. § 1692a(2).

22
     **B.    IQ Data Engages in Harassment and Abusive Tactics**
23

24   12.    In or around December 2012, Plaintiff called IQ Data in an attempt to

25   pay the Debt.

26

27

28
                                    3              COMPLAINT FOR DAMAGES

13.     Plaintiff offered to make monthly payments in the amount of $100.00 until the Debt was satisfied.

14.     IQ Data refused Plaintiff offer and demanded substantial down payment followed by payments in greater amounts, which Plaintiff could not afford.

15.     IQ Data threatened to move forward and get a judgment against Plaintiff if Plaintiff did not agree to a payment plan proposed by IQ Data.

16.     IQ Data spoke with Plaintiff in a loud and aggressive manner, screaming and interrupting Plaintiff in an effort to intimidate Plaintiff into making an immediate payment.

17.     IQ Data told Plaintiff that she was a terrible tenant and that she incurred the Debt on purpose. IQ Data stated that Plaintiff was the type of person that "screws over" collection companies.

18.     By the end of conversation, IQ Data pressured Plaintiff into providing her banking information and agreeing to pay the Debt in full on January 25, 2013.

19.     Thereafter, IQ Data attempted to take the funds out of Plaintiff's account three times prior to agreed upon date, causing Plaintiff to incur overdraft fees.

20.     Plaintiff retained services of legal counsel and advised IQ of the foregoing.

21.     Thereafter, despite having been informed of Plaintiff's legal representation, IQ continued placing calls to Plaintiff.

COMPLAINT FOR DAMAGES

C.   **Plaintiff Suffered Actual Damages**

22.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.   The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

25.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.   The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

27.   The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28.   The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

29.     The Defendants threatened to take action without legal ability to do so or without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

30.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

31.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

35.     I.Q. Data Systems, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

36.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

1    37.    The Defendants falsely represented that a legal proceeding had been or

2    was about to be instituted unless the debt was paid immediately, in violation of Cal.

3

4    Civ. Code § 1788.13(j).

5    38.    The Defendants did not comply with the provisions of Title 15, Section

6    1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

7

8    39.    The Plaintiff is entitled to damages as a result of the Defendants'

9    violations.

10

**PRAYER FOR RELIEF**

11

12    WHEREFORE, the Plaintiff prays that judgment be entered against the

13    Defendants:

14    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

15    Defendants;

16

17    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

18    against the Defendants;

19

20    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

21    § 1692k(a)(3) against the Defendants;

22    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

23

24    E. Statutory damages of $1,000.00 for knowingly and willfully committing

25    violations pursuant to Cal. Civ. Code § 1788.30(b);

26

27

28

7                COMPLAINT FOR DAMAGES

1  F. Actual damages from the Defendants for the all damages including

2  emotional distress suffered as a result of the intentional, reckless, and/or

3

4  negligent FDCPA violations and intentional, reckless, and/or negligent

5  invasions of privacy in an amount to be determined at trial for the

6  Plaintiff;

7

8  G. Punitive damages; and

9  H. Such other and further relief as may be just and proper.

10

11  **TRIAL BY JURY DEMANDED ON ALL COUNTS**

12

13

14

15  DATED: July 12, 2013                    TAMMY HUSSIN

16

17

18  By:___ */s/ Tammy Hussin*_____
    Tammy Hussin, Esq.

19  Lemberg & Associates, LLC
    Attorney for Plaintiff Jennifer Thro

20

21

22

23

24

25

26

27

28